HANNAH S. MORTON *vs.* LEMUEL MORTON.

*Scire facias* is a proper process to enforce payment of arrears of alimony.

THIS was a petition, presented to the court at the last May term, in which the petitioner set forth, on oath, that at the term of this court, held at Plymouth, in May, 1848, she was

duly divorced from the bed and board of the respondent, on the ground of excessive cruelty; that at the same time alimony was granted to her, at the rate of $100 a year, payable quarterly by the respondent; that one year's alimony was due, no portion of which had been paid; and that the respondent wholly neglected and refused to pay the same; wherefore, the petitioner prayed, that a process of attachment, or other proper process, against the respondent, might be granted to her, and that such proceedings might be had in the premises as to right and justice should appertain.

*A. C. Spooner,* for the petitioner.

The respondent appeared in person.

SHAW, C. J. The petitioner, in the present case, stated, that at a previous term of this court, she had obtained a decree of divorce from the respondent, and had been allowed alimony, that an instalment of the alimony remained unpaid, and she prayed for some process to coerce the payment.

The application was regarded by the court as one of considerable practical importance, and they thought best to take time for consideration. The question has often been raised respecting the proper mode of proceeding in such cases; whether the wife shall have process of contempt, for disobeying the order of the court to make periodical payments; or whether she shall have execution, upon motion and affidavit, showing that the parties are living, and that the alimony has not been paid; whether a notice to the husband to show cause should first be given, and if so, what length of notice and how given. *French* v. *French,* 4 Mass. 587. This court had previously decided, upon consideration, that execution was a proper process, for carrying into effect their decree for alimony. That, however, was a decree for the payment of one sum at one time only, and nearly similar to a common judgment for a debt. *Orrok* v. *Orrok,* 1 Mass. 341. It is provided by the Rev. Sts. *c.* 76, § 38, that the supreme judicial court may issue process of attachment, and of execution, and other proper process, necessary for the despatch and final determination of such causes.

With this view of the powers of the court, and of the

object to be accomplished, that of requiring successive pay-
ments, at fixed times, during the lives of the parties, or until
the further order of the court, we have thought that a writ
of *scire facias* is one well adapted to the case, and is a
proper process. The case is quite analogous to those in
which *scire facias* has been in familiar use, and the court
would have hardly hesitated in directing it, but for the fact
that since the law of divorce has been in operation, it is not
known that there has been a precedent for it.

*Scire facias* is a judicial writ, founded upon a record,
which must issue from and be returnable to the court where
the record is, and the object of which is to revive a judgment
between the same parties, and carry it into effect after a
lapse of time; or to bring in some new party as executor or
administrator; or to charge a party directly who appears by
the record to be partially and collaterally liable on the
record, as bail, after principal has avoided, trustee who has
been charged on his answer or default, and paid over nothing
on execution, the indorser of an original writ for costs for
the defendant, when the plaintiff has avoided, and the like.
But it is hardly necessary to describe minutely so familiar a
process as that of *scire facias;* a few only of the cases most
analogous may be taken for illustration.

In the case of *Collins* v. *Collins,* 2 Bur. 820, which was an
action on a bond for the payment, amongst other things,
of an annuity, it was held, that after judgment for the
penalty and execution for instalments due, *scire facias*
was the proper remedy for each successive default of pay-
ment. This decision is approved and acted on in the case
of *Willoughby* v. *Swinton,* 6 East, 550. In debt on a pro-
bate bond, judgment is for the whole penalty, and each
party is entitled to *scire facias* for his proportion. So on a
sheriff's bond to the commonwealth and suit in the name of
the treasurer. Rev. Sts. *c.* 14, § 64. But upon principle, it
seems to us, that we must arrive at the same result. In the
case already cited, it was held, that the order for the pay-
ment of alimony is so like a common law judgment for the
payment of money, in debt or assumpsit, that an execution

may properly issue for it, without the intervention of other process. But in that case, the parties were before the court, subject to its jurisdiction, with an opportunity to object, if objection would lie. But an order to pay money at successive future periods, though the persons and the sums are certain, is yet in its nature conditional. If the parties so long live, is one condition. Without an opportunity to appear and plead, and have day in court, how can the court judicially know, that both are alive, or that payment or satisfaction has not been made? Such was the difficulty which obviously pressed upon the court, in the case of *French* v. *French;* and although the original order in that case contained a provision, that successive executions should issue for the instalments in any county, yet the court said this could not be done without notice, plainly because the parties were out of court, and the court had no jurisdiction of the persons, without notice or summons of some sort.

Now, if notice must be given, — and we think it is clear, upon principle and authority, that it must, — what more plain, simple, direct, and efficacious mode can there be than a writ of *scire facias*, which the party may sue out of the clerk's office, as a matter of right, and have served in the simple mode provided by law? It recites the judgment, subsisting of record, in the court from which it issues; it recites the sum, the time of payment, and the failure of the defendant to make payment. It gives the defendant full and precise notice of what is claimed. Nearly the whole of the plaintiff's case is proved by the record. To this writ, parties, privies, guardians or attorneys, as the case may be, may appear, and if there be any good ground to bar the plaintiff of his claim to one or more instalments of alimony alleged to be due, there will be full opportunity to plead and maintain it. The court are of opinion, therefore, that the present motion of the wife, upon which, as we understand, no regular notice has been given, although the husband did appear in person to oppose it, cannot be granted. And the court recommend the writ of *scire facias* as the proper process to be used in like cases hereafter.